## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | | |
|---|---|---|
| **MCELROY METAL MILL, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Case No. _____** |
| **vs.** | § | |
| | § | |
| **TERRY DANIELS, PHILIP DANIELS,** | § | |
| **and TRACY HUSTON,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

_____

### COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF
_____

**COMES NOW PLAINTIFF** McElroy Metal Mill, Inc. ("McElroy"), a disinterested stakeholder, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 22 and Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, files this Complaint for Interpleader and Declaratory Relief to absolve itself of any liability to any person or entity who has claimed or may claim benefits under or pursuant to an employee pension benefit plan, as described below.

### I.      PARTIES

1.   Plaintiff McElroy Metal Mill, Inc. is a Louisiana corporation with its principal place of business at 1500 Hamilton Road, Bossier City, Louisiana, 71111, and is the plan administrator of the McElroy Metal Mill, Inc. Profit Sharing and 401(k) Plan (the "401(k) Plan").

2.   Defendant Terry A. Daniels, Co-Administrator of the Estate of Kerry Scott Daniels, is an adult resident of DeWitt County, Illinois whose address is 122 S. Fairview Place, Clinton, Illinois, 61727.

1

3.   Defendant Philip Daniels, Co-Administrator of the Estate of Kerry Scott Daniels, is an adult resident of DeWitt County, Illinois whose address is 122 S. Fairview Place, Clinton, Illinois, 61727.

4.   Defendant Tracy Huston is an adult resident of DeWitt County, Illinois whose address is 117 S. George Street, Clinton, Illinois, 61727.

## II.      JURISDICTION AND VENUE

5.   This Court has jurisdiction over the persons of Defendants herein and subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1331 and 29 U.S.C. § 1001 *et seq.*

6.   Venue is proper in the Western District of Louisiana, Shreveport Division, pursuant to 29 U.S.C. § 1132(e)(2) (the district where the 401(k) Plan is administered).

## III.      FACTS

7.   Decedent Kerry Scott Daniels ("Decedent") was an employee of McElroy from November 18, 1987 through October 24, 2008, and from January 24, 2011 until his death on April 6, 2017.

8.   On information and belief, Decedent was not married when he died.

9.   Decedent was a participant in the 401(k) Plan and had an account balance in the 401(k) Plan at his death (the "Account").

10. Mercer HR Services, LLC ("Mercer") was the recordkeeper of the 401(k) Plan until February 1, 2017, when Transamerica Retirement Solutions, LLC ("Transamerica") became the recordkeeper of the 401(k) Plan.  Thus, Transamerica was the recordkeeper of the 401(k) Plan at the time of Decedent's death.

11. On February 8, 2017, the 401(k) Plan document was restated effective February 1, 2017 on a Transamerica volume submitter document. This document is in two parts, a basic plan

document and an adoption agreement.  Copies of the Transamerica basic plan document and adoption agreement are attached as Exhibit A.

12. The Transamerica document replaced a Mercer prototype plan document, which was also in the form of a basic plan document and an adoption agreement, copies of which are attached as Exhibit B.

13. On December 21, 1995 Decedent signed a 401(k) Plan beneficiary designation form, which replaced a 401(k) Plan beneficiary designation form Decedent signed on September 21, 1989.  A copy of Decedent's December 21, 1995 Beneficiary Designation is attached as Exhibit C.

14. On the December 21, 1995 beneficiary designation form, Decedent designated his mother, Joyce Daniels, and his then-girlfriend, Tracy Huston, as the primary beneficiaries of his Account, each to receive 50% of the total benefit on his death.  Decedent designated his brother, Terry Daniels, as the secondary beneficiary.

15. Decedent made no subsequent changes to the beneficiary designation on his Account.

16. On information and belief, Joyce Daniels predeceased Decedent.

17. On information and belief, Tracy Huston was no longer Decedent's girlfriend when he died.

18. Decedent did not file a new beneficiary designation form after either of these events occurred or after he was rehired in 2011 by McElroy and again became a Plan participant.

19. Decedent's December 21, 1995 beneficiary designation form provided that if the participant designates more than one primary beneficiary and not all of the primary beneficiaries survive the participant, then the death benefit will be divided among the surviving primary

beneficiaries.  *See* Exhibit C.  A similar rule is contained in Section 12.8(d) of the Transamerica basic plan document.  *See* Exhibit A, basic plan document, p. 81.

20. Section 12.8(e) of the Transamerica basic plan document provides that a beneficiary designation naming a *spouse* as the participant's beneficiary is void if the participant had a divorce decree, is legally separated, or has been abandoned within the meaning of local law, and the participant has a court order to such effect.  *See* Exhibit A, basic plan document, p. 81.

21. The Transamerica basic plan document does not address the effect of the severance before death of relationships other than marriage.

22. Section 13.1 of the prior Mercer basic plan document contained a broader provision concerning the severance of relationships:

> If a Participant designates any other Beneficiary by name that is accompanied by a description of a legal, business or family relationship or only by such a description of relationship to the Participant, such Beneficiary will be deemed to have predeceased the Participant if such relationship has been dissolved or no longer exists at the death of the Participant, unless otherwise provided in the rules prescribed by the Plan Administrator.

*See* Exhibit B, basic plan document, p. 55.

23. The Summary Plan Description of the Plan, effective January 1, 2009, provides that if a participant is single, any beneficiary designation on file will automatically be revoked when the participant gets married, and the participant's spouse will become the participant's sole beneficiary until the participant files a new designation.  Additionally, the Summary Plan Description instructs participants as follows: "If your marital status ever changes (you marry or divorce, or have a legal separation), you should consider whether a new beneficiary designation is appropriate."  *See* Summary Plan Description, attached as Exhibit D, at p. 16.

24. Section 12.8(a) of the Transamerica basic plan document provides that if a participant does not designate a beneficiary prior to his or her death, the beneficiary will be the participant's

spouse, or if the participant has no surviving spouse, the participant's estate. *See* Exhibit A, basic plan document, p. 81.

25. Based on the Transamerica basic plan document, which was in effect at the time of Decedent's death and the last 401(k) Plan beneficiary designation on file for Decedent, McElroy, as the Plan administrator, made an initial determination that Tracy Huston was the beneficiary of the Account. *See* May 8, 2017 Letter, attached as Exhibit E.

26. Terry and Philip Daniels, as Co-Administrators of Decedent's Estate, filed an administrative appeal to the Plan administrator in which they disputed this determination and in which they threatened litigation. *See* November 7, 2017 Letter, attached as Exhibit F.

27. McElroy, as Plan administrator, affirmed its initial determination that Ms. Huston was the beneficiary of the Account. *See* December 29, 2017 Letter, attached as Exhibit G.

28. The Account currently is held by Transamerica and remains invested in the manner Decedent selected before his death.

29. McElroy makes no claim to the Account.

30. McElroy wishes to avoid the possibility of double or multiple liability for the payment of the Account.

31. McElroy brings this interpleader action to determine whether Decedent's ex-girlfriend, Tracy Huston, or Decedent's estate is the beneficiary of the Account.

32. Once the beneficiary of the Account is determined and Transamerica transfers title to the Account into the name of the beneficiary, the beneficiary may take a distribution of the Account or rollover the Account balance in accordance with the Plan's provisions.

## IV.   RELIEF REQUESTED

33. McElroy requests that the Court dismiss McElroy, which makes no claim to the Account, and determine the proper beneficiary of the Account.  On such determination by the Court, McElroy, as Plan administrator, will direct Transamerica to transfer title to the Account in accordance with the Court's decision.

34. McElroy further requests that Defendants, known and unknown, be charged with the responsibility of presenting arguments to the court for the purpose of determining the beneficiary of the Account.

35. Additionally, McElroy requests that the Court order that McElroy be reimbursed from the Account for its costs and reasonable attorney's fees in pursuing this action as permitted by the Transamerica basic plan document.  *See* Exhibit A, basic plan document, section 16.7, p. 96.

**WHEREFORE, PREMISES CONSIDERED**, McElroy Metal Mill, Inc. respectfully requests, with the exception of its obligation to direct Transamerica to transfer the Account to the appropriate party or parties, that McElroy be fully and finally discharged of any and all remaining obligations to any of the Defendants named herein and/or any liability with respect to the Account, that it be fully and finally dismissed from this action, and that Defendants be charged with presenting arguments to the Court for the purpose of determining who is the beneficiary of the Account.  Furthermore, McElroy requests that the Court order that each Defendant be restrained and enjoined from instituting or prosecuting any proceeding in any state court, or any United States District Court except this Court, affecting or relating to the property involved in this action until further order of the Court.  Finally, McElroy requests that the Court grant any further relief as may be just and proper under the circumstances of this case.

Respectfully submitted this 12th day of January, 2018.

*Dwayne O. Littauer*
Dwayne O. Littauer (LA Bar #14147)
Allison A. Fish (LA Bar # 36456)
THE KULLMAN FIRM, P.L.C.
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189
E-Mail: DL@kullmanlaw.com
        AAF@kullmanlaw.com

Stephen L. Scott (LA Bar # 25869)
THE KULLMAN FIRM, P.L.C.
600 University Park Place, Suite 340
Birmingham, AL 35209
Telephone: (205) 871-5858
Facsimile: (205) 871-5874
E-Mail: SLS@kullmanlaw.com

**ATTORNEYS FOR MCELROY
METAL MILL, INC.**